# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO: 4:12-CR-191-Y (01) |
| | § | |
| DERREK STEVEN KATES (01) | § | |

## MOTION FOR DOWNWARD DEPARTURE AND/OR
## VARIANCE BELOW SENTENCING GUIDELINES

**TO THE HONORABLE JUDGE TERRY R. MEANS:**

**NOW COMES, DERREK STEVEN KATES**, Defendant, by and through his attorney of record, BRETT D. BOONE, and hereby respectfully requests the Court to impose a sentence in his case below the advisory Sentencing Guidelines computation sentence and in support would show as follows:

I.

A sentence within the guidelines (as calculated on the Presentence Report (PSR)) would not conform to the considerations of 18 U.S.C. §3553(a).

II.

The PSR has applied the career offender guideline to Defendant Kates. This is in part based on an assault conviction. Even the PSR reveals, however, that the assaultive action by Defendant was in defense of a third person who was being attacked by four men, at least two of whom were wielding pipes, conceivably deadly weapons. Defendant did not present his defense upon trial of the cause, nor did he make collateral attack on same. Perhaps by the letter of the guidelines, the underlying facts can be sufficiently ignored to

**MOTION FOR DOWNWARD DEPARTURE AND/OR**
**VARIANCE BELOW SENTENCING GUIDELINES - Page 1**
Criminal No: 4:12-CR-191-Y (01)

allow the application of the career offender guideline, and this would be in keeping with a policy of maximizing the punishment of defendants at every turn regardless of the facts.

However, the spirit of the law should not, and cannot ignore such underlying facts. This is not only a fundamental principal of our jurisprudence and Americans' fundamental notions of fairness, it is alluded to in the very text of 18 U.S.C. §3553.

### III.

Defendant Kates is 28 years of age and has been to prison only one time.  When Kates got out of prison he got a job, which alone makes him somewhat different than most defendants.  Through his regular employment, with longer than regular hours, Kates was making a home not only for himself, but also for Co-Defendant Gress, and her children; as indicated in paragraph 77 on page 20 of the PSR.  From birthdays at "Chuck E. Cheese", getting the children school supplies and clothes, and getting them to and from school, most of the life of Derrek Kates after prison was a life of being responsible, and being good to others.  Perhaps Kates offered to take on too many obligations, and the lure of extra income was too much.  Even after crossing the line of legal behavior, Defendant Kates tried to separate that activity from his home life.  He made illegal transactions away from the house.  Co-Defendant Gress complained about his activities and Kates had promised her he would stop.  There were plans for marriage and for advancement in his legitimate employment.

Although Kates has been fitted into the letter of the Career Offender guidelines provision, the spirit of the law would have us look to his particular circumstances in determining a just sentence.  Kates had been to prison only one time.  Upon release he

**MOTION FOR DOWNWARD DEPARTURE AND/OR**
**VARIANCE BELOW SENTENCING GUIDELINES - Page 2**
Criminal No: 4:12-CR-191-Y (01)

got a job. He worked diligently to create a legitimate career selling cars. He supported a family. This was the "career" he envisioned. Unfortunately, he became "sidetracked" and allowed himself to once again take up illegal activity. Kates did not intend to do so as a career. He even intended to stop.

**IV.**

The career offender application has contributed to a PSR guideline range of 360-480 months (Level 39 and Criminal History Category VI). For perspective, if Kates were not held to be a "Career Offender", a "Leader", and "Obstructing Justice", and Possession of Firearms he would have an Offense Level of 31 and Criminal History Category of III (6 points), for a guideline range of 135-168 months. With the additional consideration of his other circumstances, a sentence of no greater than 120 months would be sufficient but not greater than necessary to satisfy the interests of justice and the considerations set forth in 18 U.S.C. §3553(a).

**WHEREFORE, PREMISES CONSIDERED,** we pray for a reasonable sentence below the computed guidelines and for such other and further relief as may be warranted.

Respectfully submitted,

/s/ Brett D. Boone
BRETT D. BOONE
6205 Airport Freeway
Fort Worth, Texas  76117
(817) 831-0100
(817) 831-0537 Facsimile
State Bar No: 02626800
ATTORNEY FOR DEFENDANT KATES

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing was delivered to Mr. Shawn Smith, Assistant United States Attorney, and the United States Probation Office on this 3rd day of April, 2013.


                                       /s/ Brett D. Boone
                                       BRETT D. BOONE